TIMOTHY SCOTT SHORT,          )
                                             )
          Movant,          )
                                             )
          v.                    )          No. 4:09-CV-763 CAS
                                             )
UNITED STATES OF AMERICA,     )
                                             )
          Respondent.      )

## MEMORANDUM AND ORDER

This matter is before the Court on movant Timothy Scott Short's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255, and Motion to Amend Section 2255 Motion to Raise a Claim of Actual Innocence to the Offense of Aggravated Identity Theft. The government has responded to both motions and they are fully briefed and ready for decision. For the following reasons, the Motion to Vacate will be dismissed. The Motion to Amend will be granted and an evidentiary hearing set on movant's actual innocence claim.

**Background**

On October 11, 2007, movant was charged by criminal complaint with one count of possession of document making implements. On October 18, 2007, movant was indicted on three counts of possession of document making implements with the intent to produce false documents. On November 29, 1997, a superseding indictment charged movant with eleven counts of aggravated identity theft in violation of 18 U.S.C. § 1028(A), social security fraud in violation of 42 U.S.C. § 408(a)(7)(B), and possession of document making implements with the intent to produce false documents in violation of 18 U.S.C. §§ 1028(a)(5), 1028(f), and 2. See United States v. Short, No. 4:07-CR-614 CAS (E.D. Mo.).

Movant made an initial appearance before a United States Magistrate Judge on October 12, 2007. Attorney Craig Concannon was appointed to represent movant. Movant was arraigned on October 23, 2007, and entered a plea of not guilty. Movant filed a motion to suppress evidence and statements. Movant was arraigned on the superseding indictment on December 2, 2007 and again entered a plea of not guilty. On December 21, 2007, movant filed a motion to dismiss the superseding indictment based on multiplicity, and a motion to dismiss Counts I, II, III, IV and V of the superseding indictment based on double jeopardy and violation of a prior plea agreement.[1] Movant also filed a bill of particulars, but subsequently withdrew all pretrial motions. (See Docs. 50, 52 in Case No. 4:07-CR-614 CAS).

The parties reached a written plea agreement under which movant would plead guilty to Counts 4 and 8 of the superseding indictment and in return the government agreed to dismiss Counts 1-3, 5-7 and 9-11. (See Plea Agreement at 2, Doc. 56 in Case No. 4:07-CR-614 CAS). Movant pleaded guilty as charged before this Court on February 5, 2008, pursuant to the plea agreement. The matter was set for sentencing and a Presentence Investigation Report ("PSR") was ordered (Doc. 73 in Case No. 4:07-CR-614 CAS).

The plea agreement stated in part that movant was fully satisfied with the representation he received from defense counsel, and had reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. (Plea Agreement at 14). The plea agreement also stated that defense counsel completely and satisfactorily

---

[1]Movant was separately charged with various forms of identity theft in a twenty-three count, nine-defendant indictment in United States v. Timothy Short, No. 4:07-CR-345 CDP (E.D. Mo.). On September 5, 2007, movant pleaded guilty to Count 11 of the indictment and the government dismissed Counts 1, 8-10, 12-15, 22 and 23. (See Plea Agreement, Doc. 176 in Case No. 4:07-CR-345 CDP).

explored all areas defendant had requested relative to the government's case and any defenses. (Id. at 15). In the plea agreement, movant waived his right to file an appeal with respect to all non-jurisdictional issues. (Id. at 3-4). Movant also waived all rights to contest the conviction or sentence in any post-conviction proceeding, except for claims of prosecutorial misconduct or ineffective assistance of counsel. (Id. at 4).

On May 22, 2008, movant appeared with his attorney Mr. Concannon and changed his plea to guilty. The Court sentenced movant to a total term of 48 months in custody, consisting of a term of 24 months on Count 4 to run consecutively to a term of 24 months on Count 8, the total term to run consecutively to the term of imprisonment ordered in Case No. 4:07-CR-345 CDP. Movant was also sentenced to two years supervised release. (See Judgment, Doc. 71 in Case No. 4:07-CR-614 CAS). Movant filed a notice of appeal on June 2, 2008, but subsequently moved to dismiss the appeal. See United States v. Short, No. 08-2244 (8th Cir. Aug. 12, 2008).

Movant asserts several grounds in his § 2255 motion:

(1) his conviction was obtained in violation of double jeopardy, and (1)(a) his counsel was ineffective because he persuaded movant to plead guilty to an offense for which he had already been punished;

(2) his conviction was the result of prosecutorial misconduct, because the government agreed not to prosecute him further as part of the plea agreement in Case No. 4:07-CR-345 CDP, and (2)(a) his counsel was ineffective for failing to raise the prosecutorial misconduct issue;

(3) the conviction was obtained by the use of evidence "gained by Agreement of Cooperation that Prosecution Breached" and his counsel was ineffective for failing to raise this issue on appeal;

(4) the conviction was obtained based on evidence obtained as the result of an illegal search and seizure, without a warrant or valid consent, and his counsel was ineffective for withdrawing a pretrial motion to suppress and failing to raise the issue on appeal.

In the motion for leave to amend, movant seeks to add a ground that he is actually innocent of the aggravated identity theft charge (Count 4) under 18 U.S.C. § 1028A(a)(1), because the government did not prove movant knew the means of identification that he unlawfully transferred, possessed, or used belonged to another person.

## Legal Standard

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. Davis v. United States, 417 U.S. 333 (1974); Hill v. United States, 368 U.S. 424, 428 (1962). The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

It is well established that entry of an unconditional guilty plea waives all challenges to the prosecution of a criminal case, except for those related to jurisdiction. See United States v. Winheim, 143 F.3d 1116, 1117 (8th Cir. 1998); Smith v. United States, 876 F.2d 655, 657 (8th Cir.), cert. denied, 493 U.S. 869 (1989). Collateral review of a guilty plea is therefore "ordinarily confined to whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569 (1989).

A movant faces a "heavy burden" to establish ineffective assistance of counsel in the context of section 2255. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). To prevail on an ineffective assistance of counsel claim, a movant must show both that (1) counsel's performance was

deficient, and (2) he was prejudiced by the deficient performance. See McReynolds v. Kemna, 208 F.3d 721, 722 (8th Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). A court may address the two prongs in any order, and if the movant fails to make a sufficient showing of one prong, the court need not address the other prong. Strickland, 466 U.S. at 697; Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000).

Under the deficient performance inquiry of Strickland, a court considers whether counsel's performance was reasonable "under prevailing professional norms" and "considering all the circumstances." Burkhalter v. United States, 203 F.3d 1096, 1098 (8th Cir. 2000) (quoting Strickland, 466 U.S. at 688). It is presumed that counsel acted reasonably, and much deference is granted to counsel's performance. Id.; see Parkus v. Bowersox, 157 F.3d 1136, 1139 (8th Cir. 1998). Prejudice is shown if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "Because the failure to establish prejudice can be dispositive of a case," this Court "need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice." Apfel, 97 F.3d at 1076 (citations omitted). Further, statements which are self-serving and unsupported by evidence do not establish a basis for relief under section 2255. Apfel, 97 F.3d at 1077.

The Strickland standard applies to guilty plea challenges premised upon allegations of ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58 (1985). To satisfy the second prong's "prejudice" requirement in the context of a guilty plea, the movant must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

"A § 2255 motion 'can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

**Discussion**

### A. Double Jeopardy

Movant argues that his Fifth Amendment rights were violated because the charge in Count 4 of the superseding indictment punished the same conduct for which movant was previously prosecuted in Case No. 4:07-CR-345 CDP. Movant asserts that the same identification information at issue in Count 4 was known to the government at the time of his plea in the first case, and "was a part of the same act or transactions(s) for which the Movant was convicted there." Mot. to Vacate at 5(a). Movant also argues that his counsel was ineffective for persuading him to plead guilty to a charge for which he had already been punished.

Movant did not raise the double jeopardy argument on appeal. The failure to raise an issue on direct appeal acts to bar a movant from raising that issue for the first time in a § 2255 motion. Frady, 456 U.S. at 167-68. To overcome this procedural default movant must show both (1) cause that excuses the default, and (2) actual prejudice from the errors that are asserted, or that he is actually innocent. Becht v. United States, 403 F.3d 541, 545 (8th Cir. 2005) (quoting Bousley v. United States, 523 U.S. 614, 622 (1998)).

Movant does not claim actual innocence with respect to Count 4, but does assert that his pretrial double jeopardy claim was abandoned by counsel and was not raised on direct appeal due to

ineffective assistance of counsel. Movant therefore alleges cause, and the Court must determine whether he has established prejudice. To show prejudice "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59; see United States v. McMullen, 86 F.3d 135, 137 (8th Cir. 1996) (quoting Hill).

The Court need not decide whether counsel's decision not to pursue the double jeopardy argument constituted ineffective assistance of counsel because that decision did not prejudice movant. First, movant does not state that he would have gone to trial had it not been for the advice of his counsel. Second, movant cannot establish a double jeopardy violation.

The guarantee against double jeopardy consists of three separate constitutional protections: (1) protection against a second prosecution for the same offense after acquittal; (2) protection against a second prosecution for the same offense after conviction; and (3) protection against multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717 (1969). Movant's claim invokes the second and third protections. Generally, two offenses are not the "same," and prosecution for one after acquittal or conviction on the other does not offend the Fifth Amendment or constitute multiple punishments for the same offense, if "each requires proof of a fact which the other does not." Brown v. Ohio, 432 U.S. 161, 166 (1977) (quoting Blockburger v. United States, 284 U.S. 299, 304 (1932)).

Count 11 of the indictment in 4:07-CR-345 CDP charged that movant and co-defendant Robert Unique Haines,

> being aided, abetted, counseled and induced by one another and persons known and unknown to the Grand Jury, in a matter affecting interstate commerce, did knowingly possess and use, and attempt to possess and use, without lawful authority, a means of identification of another person, to wit, the name, social security account number,

credit account number, and date of birth of the individuals listed below during and in relation to the commission of the felony offenses of : access device fraud, Title 18, United States Code, Section 1029(a)(2) and social security fraud, Title 42, United States Code, Section 408(a)(7)(B);

. . . .

| COUNT | DATE | IDENTITY | CREDIT ISSUER |
|-------|------|----------|---------------|
| 11 | 4/14/07 | P.L. | Bank of America |

(Indictment at 9, Doc. 28 in Case No. 4:07-CR-345 CDP). The "Overt Acts" portion of the indictment alleged in pertinent part,

Between on or about December 14, 2006 and on or about April 19, 2007, as a result of his employment at the Old Navy retail store in Chesterfield, Missouri [movant] obtained the identifying information of P.L. and P.E., and provided it to defendant Robert Unique Haines. On or about January 4, 2007, [movant] used the social security number of a minor child in order to acquire internet service, including an internet protocol address, at his residence. . . . On or about March 21, 2007, defendants Robert Unique Haines and [movant] and persons unknown to the Grand Jury used the internet protocol address of [movant] to apply for a credit card using the identifying information of P.E.

(Id. at 6-7).

Count 4 of the superseding indictment in the underlying criminal case charged that movant:

On or about March 1, 2007, in the Eastern District of Missouri, . . . , did knowingly possess and use, without lawful authority, a means of identification of another person, to wit, the social security account number, of a minor child, during and in relation to the commission of the felony offenses of: access device fraud, Title 18 United States Code, Section 1029(a)(2); social security fraud, Title 42, United States Code, Section 408(a)(7)(B); and wire fraud, Title 18, United States code, Section 1343.

In violation of Title 18, United States Code, Section 1028A.

(Superseding Indictment at 2, Doc. 26 in Case No. 4:07-CR-614 CAS).

There is a brief overlap in the time period relevant to the crimes charged in the indictments in the two cases, and both indictments charge aggravated identity theft, but the conduct giving rise

to Count 4 in Case No. 4:07-CR-614 CAS is legally distinct and factually unrelated to the conduct giving rise to the offense of conviction in Count 11 of Case No. 4:07-CR-345 CDP, for the following reasons.

In Count 4 of the underlying case, No. 4:07-CR-614 CAS, movant was charged with knowingly possessing and using the Social Security number of a minor, ending in the digits 2808, in March 2007 to open a credit account for his own use in the name of Scott Short, causing losses of more than $5,000. (See Plea Agreement at 9-10, Doc. 56 in Case No. 4:07-CR-614 CAS). To obtain a conviction on this charge, the government would have to establish that movant knowingly transferred, possessed or used, "without lawful authority, a means of identification of another person" during and in relation to a predicate felony offense, in this case, access device fraud and social security fraud. See 18 U.S.C. § 1028A(a)(1)

In Count 11 of Case No. 4:07-CR-345 CDP, movant was charged with conspiring with others to open credit accounts by providing a co-conspirator with identifying information from completed credit applications submitted to movant's employer, an Old Navy retail store. In order to obtain a conviction on Count 11, the government would have to establish "that there was an agreement to achieve an illegal purpose, that the defendant knew of the agreement, and that the defendant knowingly became part of that agreement." United States v. Jenkins-Watts, 574 F.3d 950, 959 (8th Cir. 2009) (cited case omitted).

The indictment in Case No. 4:07-CR-345 CDP alleged an overt act in January 2007 where movant used an unspecified minor's Social Security number to obtain Internet access, which he utilized to further the conspiracy in March 2007 when movant and co-defendant Haines applied for a credit card over the Internet, using the identifying information of a person, P.L., whose credit application

movant had obtained from Old Navy. (See Indictment at 6-7, Doc. 28 in Case No. 4:07-CR-345 CDP). The plea agreement provided further details on this aspect of the conspiracy. Using the information provided by movant from the credit application, co-defendant Haines ordered a credit report on P.L. from an Internet source, used information on the credit report to order a replacement card on a dormant account belonging to P.L., and had it sent to an address controlled by members of the conspiracy, where it was used to acquire good and services with a value in excess of $2,297.58. (See Plea Agreement at 7-8, Doc. 176 in Case No. 4:07-CR-345 CDP). The conspiracy as charged did not include any use of a minor's Social Security number apart from obtaining an Internet account, and the use alleged was intended to benefit the conspiracy, not movant individually.[2]

The crimes charged in the two prosecutions are not the same within the meaning of the Double Jeopardy Clause, because the conspiracy charge in Case No. 4:07-CR-345 CDP required proof of facts that the charge in 4:07-CR-614 CAS did not, specifically that movant knowingly became part of an illegal agreement to commit identity theft. Further, as set forth above, the underlying acts of identity theft charged in the two cases are not based on the same conduct by defendant, but rather are factually distinct and involve separate overt acts by defendant with different victims.

As a result, movant cannot establish a double jeopardy violation or prejudice. Movant's double jeopardy claim will be dismissed as procedurally barred. Movant's related ineffective assistance of counsel will be dismissed because counsel was not ineffective for failing to raise a meritless double jeopardy argument. See Thomas v. United States, 951 F.2d 902, 904 (8th Cir. 1991) (per curiam) (counsel is not ineffective for failing to raise meritless claims).

---

[2]Although movant asserts that the same minor's Social Security number was used in the conduct underlying both criminal cases, there is no proof in the record to support this assertion.

**B. Prosecutorial Misconduct - Breach of Plea Agreement**

Movant's second ground alleges that his conviction in the underlying criminal case was the result of prosecutorial misconduct. Movant asserts that although the government agreed not to prosecute him further as part of the plea agreement in Case No. 4:07-CR-345 CDP, the charged conduct in the underlying case was the same as the conduct in 4:07-CR-345 CDP, and the government knew of the conduct at the time of the plea in Case No. 4:07-CR-345 CDP. Movant contends the government was motivated to file the underlying case because the "[first] case failed to punish [movant] sufficiently to satisfy the Government." Mot. to Vacate at 5(a). Movant also alleges that his counsel was ineffective for failing to raise the prosecutorial misconduct issue.

The plea agreement in Case No. 4:07-CR-345 CDP contains the following language:

> [T]he Office of the United States Attorney for the Eastern District of Missouri agrees that no further federal prosecution will be brought in this District relative to the defendant's participation in a conspiracy to open credit accounts between on or about October 19, 2006 and April 20, 2007 with the identifying information of others, of which the Office of the United States Attorney for the Eastern District of Missouri is aware at this time.

(Plea Agreement at 2, ¶ 2.A., Doc. 176 in Case No. 4:07-CR-345 CDP). Movant contends in his unverified reply memorandum that the government was aware of the facts upon which he was indicted in Case No. 4:07-CR-614 CAS at the time of the plea agreement in Case No. 4:07-CR-345 CDP, and therefore the second case should never have been filed.[3]

---

[3]Movant asserts that certain documents attached as exhibits to his reply (Doc. 11) "show, conclusively, that the Government was aware of the facts upon which the indictment in this case was premised at the time of the plea agreement in the related case referred to as the first prosecution." Reply at 8. As a threshold matter, the copies attached to movant's unverified reply are not authenticated and therefore are not evidence. Moreover, the exhibits, if accepted, do not establish that the government knew movant used the Social Security number of a minor to open a charge account for his own use at the time of the plea agreement in Case No. 4:07-CR-345 CDP. Instead, the documents show only that (1) the Franklin County Sheriff's Department was investigating a complaint of identity theft in March 2007 concerning an individual, identified as D.B., in whose name

The government responds that the non-prosecution statement in the plea agreement in Case No. 4:07-CR-345 CDP limits the government's agreement not to further prosecute movant only to those matters relating to movant's participation in a conspiracy to open credit accounts. The government states that because the charges in Case No. 4:07-CR-614 CAS were based on movant's use of the Social Security number of a minor to open a credit account to further his own profit, rather than that of the conspiracy, the decision to prosecute on the additional conduct did not violate the terms of the plea agreement.

"Plea agreements are contractual in nature, and should be interpreted according to general contract principles." United States v. DeWitt, 366 F.3d 667, 669 (8th Cir. 2004) (citing Margalli-Olvera v. I.N.S., 43 F.3d 345, 351 (8th Cir. 1994)). "Application of these contract principles is tempered by the constitutional implications of a plea agreement. Allowing the government to breach a promise that induced a guilty plea violates due process." Margalli-Olvera, 43 F.3d at 351 (internal citation omitted). "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be

_____

someone applied for a credit card online; (2) the Sheriff's Department subpoenaed subscriber information from Charter Communications in March 2007 in connection with D.B.'s complaint; and (3) the Sheriff's Department learned in April 2007 that movant was the subscriber on the Charter Communications Internet account opened in January 2007. The Court notes the indictment in Case No. 4:07-CR-345 CDP does not indicate that D.B. was one of the individuals whose identity information movant was charged with stealing.

Further, although the Social Security number shown for movant on Charter Communications' response to the subpoena is the same Social Security number movant was charged with using in Counts 1 through 3 of the superseding indictment in Case No. 4:07-CR-614 CAS, this is several logical steps removed from establishing that the government knew movant used the Social Security number of a minor to open a charge account for his own use in March 2007 as charged in Count 4 of Case No. 4:07-CR-614 CAS, which involved a different Social Security number than Counts 1 through 3. (See Superseding Indictment at 1, Doc. 26 in Case No. 4:07-CR-614 CAS; Transcript of Plea Hrg. at 4, Feb. 5, 2008, Doc. 86 in Case No. 4:07-CR-614 CAS).

fulfilled." DeWitt, 366 F.3d at 669 (quoting Santobello v. New York, 404 U.S. 257, 262 (1971)). "When ascertaining the intent of the parties, the language of the agreement, if unambiguous, should ordinarily be conclusive." Margalli-Olvera, 43 F.3d at 351.

The Court agrees with the government's position, based on the unambiguous language of the plea agreement. The non-prosecution statement contained in the plea agreement in Case No. 4:07-CR-345 CDP is limited to future prosecutions arising from defendant's participation in a conspiracy to open credit accounts with the identifying information of others between October 19, 2006 and April 20, 2007, of which the Office of the United States Attorney for the Eastern District of Missouri was aware at that time. While the charge in Count 4 of Case No. 4:07-CR-614 CAS was based on conduct that occurred within the same time period as the conspiracy charged in Count 11 of Case No. 4:07-CR-345 CDP, the charges in the second case were not based on movant's participation in a conspiracy, but rather on actions he took on his own which were intended to benefit him personally as opposed to benefitting the conspiracy, as discussed above in Section A.

Because the plea agreement in Case No. 4:07-CR-614 CDP was limited to defendant's participation in a conspiracy to open credit accounts, there was no breach of the plea agreement and movant has no basis to challenge the validity of his sentence. Movant's claim that he was prosecuted in violation of the plea agreement is without merit. As a result, movant's related claim of ineffective assistance of counsel fails. See Thomas, 951 F.2d at 904 (counsel is not ineffective for failing to raise meritless claims). Movant's claims in ground two should therefore be dismissed.

**C. Breach of Agreement to Request Section 5K1.1 Reduction**

Movant's third ground is that the government breached its agreement to request a reduction in his sentence pursuant to Section 5K1.1, and that his counsel was ineffective for failing to raise this

issue. The government did not file a motion under Section 5K1.1 or 18 U.S.C. § 3553 in movant's criminal case. Movant's claim is as follows:

> Movant agreed to secure a printer for the Government in exchange for a 5K1.1 reduction. However, when the printer was delivered, by his wife, to an Attorney involved in the matter, the Government refused to grant movant the reduction agreed upon. This refusal resulted in Movant receiving a heavier sentence than he anticipated when he engineered the delivery of the printer to the source to deliver to the Government's Attorney. That breached the plea agreement.

Mot. to Vacate at 5.

> The plea agreement states in relevant part:

> The defendant has offered to assist the government in its ongoing investigation. However, the defendant has not provided substantial assistance at this time. At or near the time of sentencing, the government alone will determine whether the defendant's assistance has been substantial enough to warrant the filing of a motion for downward departure under Section 5K1.1 of the Guidelines or Title 18, United States Code, Section 3553, or both. The defendant fully understands that the government alone will determine what constitutes substantial assistance and the government alone will determine whether to file a motion for downward departure. The defendant further understands that there will be no downward departure without a motion by the government. The defendant further understands that mere assistance is not enough to warrant a downward departure motion and that such a motion is warranted only for substantial assistance. The defendant understands that even if the information provided is truthful and complete, it will not be substantial assistance if the government regards the information to be insufficiently significant or insufficiently helpful. The defendant understands that if the government finds the assistance to be substantial and makes a downward departure motion, the Court's role is to determine whether to grant such a motion and, if the Court grants the motion, to determine what departure is appropriate.

Plea Agreement at 8-9, ¶ 3.F (Doc. 56 in Case No. 4:07-CR-614 CAS).

The plea agreement also states, "The defendant acknowledges being guilty of the crime(s) to which a plea is being entered, and further states that neither defense counsel nor the government has made representations which are not included in this document as to the sentence to be imposed." Id. at 4, ¶ 2.C.(2). The plea agreement includes an "entire agreement" clause which states:

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney concerning any plea to be entered in this case or the agreements, recommendation or stipulations contained herein. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty. The defendant's agreements, recommendations and stipulations as set forth above are made in exchange for the United States' agreements, recommendations and stipulations set forth in this document.

Id. at 15-16, ¶ 11.

"The government has no duty to make a substantial assistance motion unless it has entered into a plea agreement with the defendant that creates such a duty." United States v. Ziesman, 409 F.3d 941, 956-57 (8th Cir.) (citations omitted), cert. denied, 546 U.S. 990 (2005). "If the government expressly reserves discretion through a plea agreement or other instrument, courts 'will perform only a limited review of the decision not to file a motion for downward departure for substantial assistance.'" United States v. Davis, 397 F.3d 672, 676 (8th Cir. 2005) (quoting United States v. Hardy, 325 F.3d 994, 996 (8th Cir. 2003)).

"The exception to the otherwise broad discretion of the government to file a motion for substantial assistance is triggered when the government's refusal was 'irrational, in bad faith, or based on an unconstitutional motive.'" Davis, 397 F.3d at 676 (quoting United States v. Licona-Lopez, 163 F.3d 1040, 1042 (8th Cir. 1998)). "In order to show that the government's refusal was irrational, in bad faith, or based upon an unconstitutional motive, the defendant must make a 'substantial threshold showing'-[the defendant] must present evidence tending to show that the decision in the case was not rationally related to a legitimate government interest." Id. (citing Wade v. United States, 504 U.S. 181, 186 (1992); United States v. Romsey, 975 F.2d 556, 558 (8th Cir. 1992)). "This showing must involve clear evidence that the prosecutor's motive was improper, rather than a mere allegation that

substantial assistance was provided and that the prosecutor had an improper motive for declining to file a motion for downward departure." United States v. Fields, 512 F.3d 1009, 1011 (8th Cir. 2008). "After a substantial threshold showing of irrationality, bad faith, or unconstitutionality is made, the defendant is entitled to discovery or an evidentiary hearing." Davis, 397 F.3d at 676 (citing Wade, 504 U.S. at 186).

Movant's assertion that the government promised to file a 5K1.1 motion if he returned a printer is not supported by the relevant language of the plea agreement as quoted above. By signing the plea agreement, movant agreed that no promises or inducements other than those contained in the plea agreement were made to him by any government agent in return for his plea. Movant also stated under oath at his plea that no threats or promises were made to cause him to plead guilty, beyond what was in the plea agreement. (See Plea Transcript at 6, Doc. 86 in Case No. 4:07-CR-614 CAS). Movant's assertion therefore cannot be accepted as true because it is contradicted by the record.

In addition, the plea agreement clearly conveys the government's intent to maintain discretion over whether to seek a reduction in movant's sentence under Section 5K1.1 ("At or near the time of sentencing, the government alone will determine whether the defendant's assistance has been substantial enough to warrant the filing of a motion for downward departure under Section 5K1.1 of the Guidelines or Title 18, United States Code, Section 3553, or both. The defendant fully understands that the government alone will determine what constitutes substantial assistance and the government alone will determine whether to file a motion for downward departure. . . . The defendant understands that even if the information provided is truthful and complete, it will not be substantial assistance if the government regards the information to be insufficiently significant or insufficiently helpful."). Movant has failed to make a substantial threshold showing of irrationality,

bad faith or unconstitutionality because he has failed to present evidence tending to show that the government's decision not to file a Section 5K1.1 motion was not rationally related to a legitimate government interest. Movant's third ground, prosecutorial misconduct based on the government's alleged breach of the plea agreement for failure to file a sentence reduction motion, should therefore be denied.

To the extent movant asserts the ineffective assistance of counsel in connection with the government's failure to file a Section 5K1.1 motion, this ground should also be denied. Given the discretion retained by the government in connection with any sentence reduction motion for movant, and the lack of evidence of any improper motive by the government, there was no basis for appealing the government's failure to move for a sentence reduction for movant's substantial assistance, and any appeal on that basis would have been frivolous.

### D. Illegal Search and Seizure

In the fourth ground, movant asserts that his conviction was obtained as a result of evidence obtained from an illegal search and seizure without a warrant and valid consent. This ground states in its entirety:

> The evidence obtained, from which prosecution of the instant and prior offense was brought was obtained by virtue of a search and seizure that was carried out without a warrant and without valid consent. The consent was coerced and was obtained after officers had already searched the premises without such consent. Officers knew what they wanted to seize by their illegal peering into private areas covered by the Fourth Amendment prior to any consent being given.

Mot. to Vacate at 6. Movant does not specify what evidence was obtained as a result of the allegedly illegal search and seizure, how the consent was invalid, or what "private areas" the officers intruded upon.

The government responds that movant's claim it obtained evidence without consent or a warrant is procedurally barred and movant cannot show the "prejudice" necessary to overcome the procedural bar because the claim lacks any basis in fact.[4] The government states that on October 11, 2007, law enforcement officers executed a search of defendant's residence pursuant to a search warrant issued by United States Magistrate Judge Thomas C. Mummert, III, seeking evidence of defendant's possession of a stolen Missouri Department of Revenue printer which was believed to contain the identifying information of more than a thousand individuals. Gov't. Response at 12. "Upon gaining entry to the residence, they discovered computer equipment displaying a printer driver for the stolen printer. The defendant's wife granted permission for the seizure of the computer. Despite her consent, the computer was not searched until the government gained authority in the form of a search warrant issued by Judge Terry I. Adelman on or about October 23, 2007." Id. The government states that because the searches of the residence and computer were obtained pursuant to valid search warrants, and seizure of the computer was obtained by consent, the Fourth Amendment was not implicated by the searches or seizure. Id. at 14-15. Movant did not offer any further argument in his reply with respect to the search and seizure claim. See Reply at 9 (Doc. 11).

The failure to raise the search and seizure issues on direct appeal acts to bar movant from raising the issues for the first time in his § 2255 motion. See Frady, 456 U.S. at 167-68. To overcome the procedural default movant must show both (1) cause that excuses the default, and (2) actual prejudice from the errors that are asserted, or that he is actually innocent. Becht, 403 F.3d at 545 (quoting Bousley, 523 U.S. at 622).

---

[4]Although movant's illegal search and seizure claim would appear to be barred by the waiver of his right to file a § 2255 motion as contained in the plea agreement, the government does not rely on the waiver, and therefore the Court does not address it further.

Movant does not claim actual innocence with respect to the search and seizure issue. He does assert that his pretrial search and seizure claim was abandoned by counsel and was not raised on direct appeal due to the ineffective assistance of counsel. Movant has therefore alleged cause, and the Court examines whether he can establish prejudice. As stated above, to establish ineffective assistance of counsel in the context of section 2255, a movant faces a heavy burden. Apfel, 97 F.3d at 1076. Movant must prove (1) deficient performance--that his counsel failed to exercise the customary skills and diligence that a reasonably competent attorney would have exhibited under similar circumstances; and (2) prejudice--a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. See id. (quoted case omitted).

Where a movant argues that his conviction should be set aside for ineffective assistance of counsel for failure to file a motion to suppress evidence, the movant must establish that he was prejudiced by the failure. DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000). Where a movant would have lost on a motion to suppress had it been made, he was not prejudiced by the failure to file. Iron Wing v. United States, 34 F.3d 662, 665 (8th Cir. 1994). In this case, movant must establish that he was prejudiced by counsel's withdrawal of the previously-filed motion to suppress and failure to raise the issue on appeal.

As a threshold matter, the government is incorrect when it states that the officers had a search warrant for defendant's residence on October 11, 2007. The record in the underlying criminal case shows that Judge Mummert signed a complaint and *arrest* warrant for movant on that date. (See Doc. 6 in Case No. 4:07-CR-614 CAS). According to the government's Revised Response to Defendant's Motion to Suppress filed in the underlying case, when officers arrived at the residence to arrest movant pursuant to the warrant, the exterior and interior garage doors were completely open and, after

obtaining lawful entry, the officers discovered movant seated at a computer with the monitor displaying a printer driver for the stolen Department of Revenue printer. (Revised Resp. at 1, Doc. 34 in Case No. 4:07-CR-614 CAS).[5]  Movant's wife, a co-tenant, granted written consent to search the residence after movant was arrested and gave consent for the computer to be seized. (Id. at 1-2). The government then sought and obtained search warrants for the computer and a flash drive from Judge Adelman on October 23, 2007.

Police officers do not need a search warrant to enter the residence of the subject of an arrest warrant in order to effectuate the arrest. Payton v. New York, 445 U.S. 573 (1980); United States v. Boyd, 180 F.3d 967, 977 (8th Cir. 1999).  "An arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within." United States v. Powell, 379 F.3d 520, 523 (8th Cir. 2004) (cited case omitted).  The officers were therefore well within their authority to enter movant's residence to execute the arrest warrant.  Under the plain view doctrine, officers may seize an item if they have a lawful right of access to the item seized and the object's incriminating nature is readily apparent. United States v. Collins, 321 F.3d 691, 694 (8th Cir. 2003).

The record establishes that movant was arrested at his residence pursuant to a properly issued warrant.  When officers entered the residence, movant was seated at a computer with a printer driver for the stolen printer visible on the monitor screen.  The officers obtained the written consent of movant's wife, a co-tenant of the residence entitled to give such consent, to seize the computer, and

_____

[5]This statement is supported by an Affidavit of U.S. Secret Service Agent submitted in support of the Application for Search Warrant submitted with respect to movant's computer and flash drive.  The Court takes judicial notice of the sealed warrant applications, Nos. 4:07-MJ-1265 TIA and 4:07-MJ-1266 TIA.  The Affidavit states that when officers entered the residence, movant was in the process of downloading a printer driver.  A photocopy of a photograph showing the printer driver on the monitor screen, bearing a date stamp of October 11, 2007, accompanied the Affidavit.

then obtained a warrant from Judge Adelman prior to searching it.  Movant's conclusory assertions that the officers had no warrant and there was no valid consent are refuted by the record.

Under these facts, the Court finds that counsel's decision not to pursue the search and seizure argument, both pretrial and on appeal, was not deficient performance and did not prejudice movant, because any motion to suppress would have been denied, and any appeal based on denial of the motion to suppress would have been unsuccessful.  See Thomas, 951 F.2d at 904 (counsel is not ineffective for failing to raise meritless claims).  The Court finds that movant has not made the requisite showing of actual prejudice entitling him to relief.  Movant's search and seizure claim is therefore denied as procedurally barred, and his related ineffective assistance of counsel claim is denied.

### E.  Motion for Leave to Amend

Finally, movant seeks leave to amend his § 2255 motion to add a claim that he is actually innocent of the crime of aggravated identity theft in violation of 18 U.S.C. § 1028A.  Movant's claim is that after he was sentenced, the law changed regarding the elements the government must prove to establish a violation of this statute.  Movant argues that based on the Supreme Court's decision in Flores-Figueroa v. United States, 129 S. Ct. 1886 (2009), he would not be guilty today of the crime he was found guilty of by virtue of his guilty plea in February 2008.  In Flores-Figueroa, the Supreme Court held that 18 U.S.C. § 1028A(a)(1) requires the government to prove that the defendant knew the means of identification he unlawfully transferred, possessed, or used belonged to another person.  The Flores-Figueroa decision applies § 1028A(a)(1) more narrowly than had prior Eighth Circuit precedent.  See United States v. Mendoza-Gonzalez, 520 F.3d 912 (8th Cir. 2008) (holding that statute's knowledge requirement does not apply to "of another person."), vacated, 129 S. Ct. 2377 (2009)

1. <u>Timeliness</u>

Movant failed to file his motion for leave to amend within the one-year deadline of his conviction becoming final, pursuant to 28 U.S.C. § 2255(f)(1). Therefore, defendant's motion for leave to amend is untimely under § 2255(f)(1). However, 28 U.S.C. § 2255(f)(3) provides that the one-year deadline for filing a 28 U.S.C. § 2255 motion may start from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Therefore, the question is whether <u>Flores-Figueroa</u> is retroactively applicable to defendants who were convicted of this offense and whose convictions were final as of the date of the Supreme Court's decision.

2. <u>Retroactivity</u>

It is well established that when a decision of the Supreme Court "results in a 'new rule,' that rule applies to all criminal cases still pending on direct review." <u>Schriro v. Summerlin</u>, 542 U.S. 348, 351 (2004) (citing <u>Griffith v. Kentucky</u>, 479 U.S. 314, 328 (1987)). This rule, however, applies only in limited circumstances to convictions that are already final, such as movant's. <u>See id.</u> "New <i>substantive</i> rules generally apply retroactively." <u>Id.</u> Substantive rules include "decisions that narrow the scope of a criminal statute by interpreting its terms, <u>see</u> <u>Bousley v. United States</u>, 523 U.S. 614, 620-21 (1998), as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish, <u>see</u> <u>Saffle v. Parks</u>, 494 U.S. 484, 494-95 (1990); <u>Teague v. Lane</u>, 489 U.S. 288, 311 (1989) (plurality opinion)." <u>Schriro</u>, 542 U.S. at 352 (parallel citations omitted). New substantive rules "apply retroactively because they necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal or

faces a punishment that the law cannot impose upon him." Id. (quotation marks and quoted case omitted).

In contrast, new rules of procedure do not apply retroactively because "[t]hey do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise." Id. "Teague applies when the Supreme Court announces a 'new constitutional rule of criminal procedure,' generally barring the application of such a rule to cases on collateral review." United States v. Ryan, 227 F.3d 1058, 1062 (8th Cir. 2000) (quoting Teague, 489 U.S. at 310-11). "The [Supreme] Court has made clear, however, that Teague does not apply in those cases in which the Court determines the meaning of a criminal statute enacted by Congress, because such a decision involves the substantive reach of a federal statute, not a new rule of criminal procedure." Ryan, 227 F.3d at 1058 (citing Bousley, 523 U.S. 614). Teague therefore does not bar the application of Flores-Figueroa to movant's claim for postconviction relief.

Movant has not directed the Court to any decisions which hold that Flores-Figueroa is retroactive, and the Court has found no Supreme Court or Circuit Court of Appeals decisions which so hold. At least two district courts have stated that Flores-Figueroa is not retroactive. See United States v. Ingram, 613 F.Supp.2d 1069 n.6 (N.D. Iowa 2009) (noting in dictum that Flores-Figueroa is not retroactive); Rivas v. United States, 2009 WL 3261706, at *2 (W.D.N.C. Oct. 8, 2009) (holding that Flores-Figueroa is not retroactive because only the Supreme Court can find that a new rule is retroactively applicable to cases on collateral review)[6]. In contrast, in United States v. Venancio-

---

[6]The Rivas decision relied primarily on Tyler v. Cain, 533 U.S. 656 (2001), which held that only the Supreme Court can find a new rule is retroactively applicable to cases on collateral review. The Tyler decision, however, concerns second and successive § 2254 habeas petitions. The Eighth Circuit has held that Tyler applies to second and successive § 2255 motions as well, United States

_Dominguez_, 2009 WL 3234217, at *4 (E.D. Va. Sept. 15, 2009), the district court engaged in a collateral attack analysis and determined that _Flores-Figueroa_ is retroactive. This Court concurs with the Virginia district court's analysis.

The Supreme Court's decision in _Flores-Figueroa_ appears to qualify as a new substantive rule, because it narrows the scope of 18 U.S.C. § 1028A(a)(1) by interpreting the word "knowingly" to require the government to prove the defendant knew the means of identification that he unlawfully transferred, possessed, or used belonged to another person. The Eighth Circuit has often applied _Bailey v. United States_, 516 U.S. 137 (1995), in which the Supreme Court defined the reach of 18 U.S.C. § 924(c)(1) more narrowly than had prior Eighth Circuit precedent, to section 2255 claims for postconviction relief.[7] _Ryan_, 227 F.3d at 1058 (citing _Swedzinski v. United States_, 160 F.3d 498, 500 (8th Cir. 1998); _Williams v. United States_, 98 F.3d 1052, 1053-54 (8th Cir. 1996)). Like the Supreme Court's _Bailey_ decision, _Flores-Figueroa_ makes clear the meaning of a criminal statute enacted by Congress, and therefore may be applied retroactively to final convictions, if the movant satisfies his burden of proof in this § 2255 motion.

_____

_ex rel. Perez v. Warden, FMC Rochester_, 286 F.3d 1059, 1062 (8th Cir. 2002), but unlike the situation in _Rivas_, the instant motion is an original § 2255 proceeding and not a second and successive motion. As a result, _Tyler_ does not apply here and _Rivas_ is distinguishable.

[7]In _Bailey_, the Supreme Court held that a conviction under 18 U.S.C. § 924(c)(1) for the "use" of a firearm during and in relation to a drug trafficking crime requires evidence of "active employment" of the firearm by the defendant. _See_ Bailey, 516 U.S. at 143. _Bailey_ overruled prior Eighth Circuit decisions affirming § 924(c)(1) convictions of defendants who merely stored firearms at their homes to protect drugs or drug proceeds. _See_ United States v. Harris, 10 F.3d 596, 597 (8th Cir. 1993) (listing cases).

### 3. Collateral Attack Analysis

In <u>Bousley</u>, 523 U.S. 614, the Supreme Court explained the process for analyzing a collateral attack on a conviction based on a retroactive Supreme Court decision. The petitioner in <u>Bousley</u> pleaded guilty to a firearm offense under 18 U.S.C. § 924(c), and then attempted to collaterally attack the firearm conviction in light of <u>Bailey</u>, 516 U.S. 137, in which the Supreme Court held that the government must show active employment of a firearm to obtain a conviction for "use" of a firearm under § 924(c). The Supreme Court determined that a defendant who pleaded guilty and did not challenge the validity of his plea by filing a direct appeal has procedurally defaulted his claim. <u>Bousley</u>, 523 U.S. at 621-22. Because the claim was procedurally defaulted, the petitioner could collaterally attack his conviction only if he could demonstrate either "cause" for the default and actual "prejudice," or that he was "actually innocent." <u>Id.</u> at 622.

The Supreme Court rejected the idea that a petitioner could establish "cause" by arguing that the legal basis for his claim was not reasonably available at the time of the plea, or that it would have been futile to attack the guilty plea before the retroactive decision was issued. <u>Id.</u> at 621-22. The Court concluded that the only way a petitioner could prevail on a collateral attack of his conviction based on a retroactive Supreme Court decision would be by establishing actual innocence. The Court explained that actual innocence means factual innocence and not mere legal insufficiency, and to establish actual innocence, the "petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." <u>Id.</u> at 623 (quoting <u>Schlup v. Delo</u>, 513 U.S. 298, 327-28 (1995)). The Court also held that when a claim of actual innocence is presented in a habeas petition, "the Government should be permitted to present any admissible evidence of petitioner's guilt even if that evidence was not presented during the petitioner's plea

colloquy and would not have normally been offered" prior to the retroactive Supreme Court decision. Bousley, 523 U.S. at 624.

Movant in this case procedurally defaulted his actual innocence claim by not challenging the validity of his guilty plea on appeal, see Swedzinski, 160 F.3d at 500, and he has not attempted to assert "cause" or "prejudice" to excuse his default. Accordingly, under Schriro, movant may only attack his 18 U.S.C. § 1028A(a)(1) conviction by proving that he is actually innocent of the offense. The Supreme Court observed in Flores-Figueroa that "in the classic case of identity theft, intent is generally not difficult to prove."

> For example, where a defendant has used another person's identification information to get access to that person's bank account, the Government can prove knowledge with little difficulty. The same is true when the defendant has gone through someone else's trash to find discarded credit card and bank statements, or pretends to be from the victim's bank and requests personal identifying information. Indeed, the examples of identity theft in the legislative history (dumpster diving, computer hacking, and the like) are all examples of the types of classic identity theft where intent should be relatively easy to prove, and there will be no practical enforcement problem.

Flores-Figueroa, 129 S. Ct. at 1893.

In the underlying criminal case, neither the statement of facts signed by the defendant nor anything else in the record establishes that the defendant knew the identification documents he unlawfully possessed actually belonged to another individual. The government makes an unsupported assertion that movant had the requisite knowledge to be convicted of aggravated identity theft under Flores-Figueroa because the Social Security number he used belonged to movant's minor child. Response at 2. Evidence of this would certainly defeat movant's claim of actual innocence. Counsel's assertion is not evidence, however, and is not supported by any record evidence. See Latorre v. United States, 193 F.3d 1035, 1038 (8th Cir. 1999) ("Assertions by counsel cannot foreclose an evidentiary hearing, at which such testimony can be taken and subject to cross-examination.").

The Court finds that an issue of material fact exists as to whether movant can satisfy his burden of establishing actual innocence, and will schedule an evidentiary hearing on this claim. At the hearing, the Government will be permitted to present any admissible evidence of movant's guilt. See Bousley, 523 U.S. at 624.

## Conclusion

For the foregoing reasons, the Court finds that each of the grounds raised in movant's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 is without merit or is procedurally barred, and should be dismissed. The Court will grant movant leave to amend his Section 2255 motion to raise a claim of actual innocence to the offense of aggravated identity theft, and by separate order will schedule an evidentiary hearing and appoint counsel for movant on this aspect of his motion.

Accordingly,

**IT IS HEREBY ORDERED** that movant Timothy Scott Short's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 is **DENIED**. [Doc. 1]

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability as to any of the dismissed claims raised in movant's § 2255 motion. See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000); Miller-El v. Cockrell, 537 U.S. 322, 342 (2003).

**IT IS FURTHER ORDERED** that movant's Motion to Amend Section 2255 Motion to Raise a Claim of Actual Innocence to the Offense of Aggravated Identity Theft is **GRANTED**. [Doc. 7]

**IT IS FURTHER ORDERED** that movant's Motion to Advance Case on the Docket is **DENIED as moot**. [Doc. 12]

An order of partial dismissal will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  3rd  day of November, 2009.