UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY SCOTT SHORT, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:09-CV-763 CAS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant Timothy Scott Short's Amended Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255, which asserts a claim of actual innocence to the offense of aggravated identity theft in Count Four. The Court conducted a hearing on the motion on January 26, 2010, at which movant and counsel were present. The Court ordered the parties to submit post-hearing briefs and the matter is now ready for decision. For the following reasons, the Amended § 2255 Motion will be granted.

## Background

On November 29, 2007, the government charged movant Short in an eleven-count indictment with aggravated identity theft, in violation of 18 U.S.C. §1028(A), among other things. On February 5, 2008, pursuant to a written plea agreement, movant pleaded guilty to Counts Four and Eight of the indictment. In the plea agreement, the parties agreed that:

> In the event the Court accepts the plea and, in sentencing the defendant, 1) applies the recommendations agreed to by the parties herein, and 2) after determining a Sentencing Guideline range, sentences the defendant within that range, then, as part of this agreement, both the defendant and the government hereby waive all rights to appeal all sentencing issues, including any issues relating to the determination of the Total Offense Level and the Criminal History Category.

Plea Agreement, Guidelines Recommendations and Stipulations ("Plea Agreement") at 3-4, ¶ C(1)(b). In addition, movant acknowledged "being guilty of the crime(s) to which a plea is being entered" and further agreed "to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel." Plea Agreement at 4, ¶ C(2). On May 22, 2008, after a contested sentencing hearing, this Court resolved a guidelines dispute in movant's favor and, based upon that ruling, sentenced him to twenty-four months on Count Four, the aggravated identity theft count, to be served consecutively to a twenty-four month sentence on Count Eight. The government did not appeal the adverse sentencing ruling.

On July 22, 2009, the Court received movant's Motion to Amend Section 2255 Motion to Raise a Claim of Actual Innocence to the Offense of Aggravated Identity Theft. Movant relied on the Supreme Court's narrowed construction of the elements of aggravated identity theft set forth in Flores-Figueroa v. United States, 556 U.S. __, 129 S. Ct. 1886 (2009), to assert that the government had set forth no evidence supporting a finding that movant knew the identification he used to commit the aggravated identity theft in Count Four belonged to an actual person. See Mot. to Amend at 2, ¶ 6.[1]

In its initial Response to the Motion to Amend, the government alleged, among other things, that movant's Flores-Figueroa claim would fail on the merits, because "[t]he individual whose social security number petitioner fraudulently used was one of his minor children." Resp. to Mot. to Amend at 2. The Court found there was an issue of material fact as to whether movant could satisfy

---

[1]The Court analyzed the retroactivity of the Flores-Figueroa opinion and found that it may be retroactively applied to final convictions. See Mem. and Order of Nov. 3, 2009 at 24 (Doc. 14).

2

his burden of establishing actual innocence, because "[i]n the underlying criminal case, neither the statement of facts signed by the defendant nor anything else in the record establishes that the defendant knew the identification documents he unlawfully possessed actually belonged to another individual." Mem. and Order of Nov. 3, 2009 at 27 (Doc. 14). The Court noted that while the government made an unsupported assertion that movant had the requisite knowledge because the Social Security number he used belonged to his minor child, that fact was not in the evidence, nor was it supported by evidence. Id. at 26. The Court appointed counsel for movant and scheduled an evidentiary hearing on the actual innocence claim.

Subsequently, at the evidentiary hearing on January 26, 2010, and in its Amended Response to Petitioner's Actual Innocence claim, the government admitted that "[t]he case agent discovered that the count of conviction was in fact the social security number of another minor while one of the dismissed aggravated identity theft counts was that of the petitioner's child." Amended Resp. at 1.[2] The government argued at the evidentiary hearing that movant's actual innocence claim was waived in the plea agreement. Id. at 2.

Following the evidentiary hearing, the Court ordered simultaneous post-hearing briefing to address the issues of actual innocence, whether such a claim was waived by the plea agreement and, if not, what the appropriate remedy would be. The parties filed post-hearing briefs and movant filed a response brief.

**Discussion**

Movant asks the court to vacate, set aside, or correct his sentence on Count Four based on the Supreme Court's decision in Flores-Figueroa, in which the Court redefined and narrowed the

---

[2]Neither party sought to offer testimony or introduce documents into evidence at the evidentiary hearing.

3

scope of the crime of aggravated identity theft. This Court determined that Flores-Figueroa announced a new substantive rule of law. As this Court stated, "New substantive rules 'apply retroactively because they necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose upon him.'" Mem. and Order of Nov. 3, 2009 at 22-23 (quoting Schriro v. Summerlin, 542 U.S. 348, 352 (2004)) (Doc. 14). Because the government concedes that it cannot prove the charges in Count Four, under Flores-Figueroa movant now "stands convicted of an act that the law does not make criminal and faces a punishment that the law cannot impose upon him." Movant asserts that the Court should grant his motion to set aside and vacate the sentence imposed on Count Four, reduce the previously-imposed sentence by twenty-four months, and reduce the special assessment.

In its post-hearing brief, the government withdraws its earlier argument that movant's § 2255 motion should be dismissed based on the waiver provision of the plea agreement. The government now argues that the § 2255 motion must fail because movant cannot establish actual innocence of the charges the government agreed to dismiss, as required by Bousley v. United States, 523 U.S. 614, 618 (1998). The government also asks that if the Court were to grant the § 2255 motion, it set aside the entire plea agreement and order a new trial.

In Bousley, the Supreme Court granted certiorari to resolve a circuit split "over the permissibility of post-Bailey[3] collateral attacks on §924(c) convictions obtained pursuant to guilty pleas." Bousley, 523 U.S. at 618. The Court held that such collateral attacks are permissible if the petitioner can show "actual innocence" to the infirm conviction. The Court further held, "In cases where the Government has forgone more serious charges in the course of plea bargaining,

---

[3]Bailey v. United States, 516 U.S. 137 (1995).

4

petitioner's showing of actual innocence must also extend to those charges." 523 U.S. at 624.

Bousley therefore requires an inquiry into what, if any, charges were "forgone" as a result of plea negotiations. With respect to any such charges, the inquiry is whether they are "more serious" than the collaterally-attacked charge. If so, the Bousley analysis requires the § 2255 movant to establish his actual innocence not only of the specific count of conviction which he attacks collaterally, but also of the "more serious" forgone charges. The "forgone charges" inquiry, therefore, has two prongs. "In addition to showing his actual innocence of the §924(c) charge, [movant] must show actual innocence of [1] any other dismissed charges if [2] those dismissed charges were more serious than the §924(c) charge." United States v. Apker, 241 F.3d 1060, 1062 (8th Cir. 2001); see also United States v. Halter, 217 F.3d 551 (8th Cir. 2000).

In Halter, the Eighth Circuit established the proper analysis for determining whether forgone charges are "more serious" that the constitutionally infirm charge to which the movant pleaded guilty. The district court in Halter undertook the analysis by comparing the "maximum statutory punishment of twenty years" provided for the dismissed drug-trafficking charges to the "mandatory statutory penalty of only five years" carried by the §924(c) charge. 217 F.3d at 552. The Eighth Circuit rejected this analysis, stating: "We are of the opinion that actual punishment as determined by the Guidelines is the proper basis for identifying the 'more serious charge.'" Halter, 217 F.3d at 553. Accordingly, comparison to the potential guidelines penalty carried by the dismissed charges in movant's case is necessary to determine whether those charges are more serious than the aggravated identity theft in Count Four.

In return for movant's guilty plea in the underlying criminal case, the government agreed to forgo nine charges – Counts 1 through 3, 5 through 7, and 9 through 11. Those charges were dismissed, on the government's motion pursuant to the plea agreement, at the time of movant's

5

sentencing hearing in 4:07-CR-614 CAS. Two of the forgone charges -- Counts 1 and 2 -- were for aggravated identity theft. The remaining seven charges were counts for which relevant conduct has already been taken into account in the calculation of movant's guidelines offense level relative to Count Eight. In the presentence report, the probation office also indicated that all relevant conduct in the case (including that arising out of any dismissed counts) resulted in a loss of "more than $200,000 (based on over 400 access devices with an intended loss of not less than $500 each)." See Presentence Report, Part A, at 4, ¶ 20.

At the May 22, 2008 sentencing hearing in the underlying criminal case, the government argued strenuously for the same guidelines calculation it now urges for Count Eight, and the seven other fraud counts dismissed at sentencing. The Court rejected the government's argument at the sentencing hearing. Notwithstanding the position of the probation office and the government, the Court determined that the applicable guidelines range "would become 24 to 30 months on Count 8[.]" Sentencing Hearing Transcript ("Sent. Tr.") at 10. The Court imposed the low end of the guidelines range, 24 months, in sentencing movant on Count Eight. It then imposed a 24-month consecutive sentence on Count Four. Despite this Court's invitation to "[t]ake it to the Court of Appeals," Sent. Tr. at 9, the Government chose not to appeal that ruling. As a result, the ruling is now the law of this case.[4]

---

[4] The Eighth Circuit has "described the law of the case doctrine as providing that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" Morris v. American Nat'l Can Corp., 988 F.2d 50, 52 (8th Cir. 1993) (quoting Arizona v. California, 460 U.S. 605, 618 (1983)). The underlying intent of the doctrine is to 'prevent[] the relitigation of settled issues in a case, thus protecting the settled expectations of parties, ensuring uniformity of decisions, and promoting judicial efficiency.' Little Earth of the United Tribes, Inc. v. United States Dep't of Hous. & Urban Dev., 807 F.2d 1433, 1441 (8th Cir. 1986). The doctrine applies to appellate decisions, see Mosley v. City of Northwoods, 415 F.3d 908, 911 (8th Cir. 2005), as well as to final decisions by the district court that have not been appealed. Little Earth, 807 F.2d at 1441 (citing In re Design Classics, Inc., 788 F.2d 1384, 1386 (8th

The advisory guidelines range for the non-aggravated identity theft counts in this case, including the forgone charges is, as it was for Count Eight, 24 to 30 months. That range is "the relevant factor in comparing the seriousness of the charges" in the instant case. See Halter, 217 F.3d at 552. Because the advisory guidelines range is equivalent for the forgone charges and Count Eight, the forgone charges are of equal seriousness. Therefore, movant need not establish his actual innocence to the forgone, non-aggravated identity theft charges herein.

Similarly, the two other aggravated identity theft counts dismissed as part of the plea agreement, Counts 1 and 2, each had a maximum penalty of 24 months incarceration which, in the Court's discretion, could be run consecutively to each other. See Govt's Mem. of Law at 3 (Doc. 31); United States Sentencing Guidelines Manual § 2B1.6, cmt. n.1(B). The fact that the Court could run these sentences consecutively does not render the forgone charges "more serious" than Count Four, for purposes of Bousley actual innocence analysis. By the same logic, this Court could have sentenced movant to 30 months on Count Eight. It did not, however, do so. Accordingly, there is not a forgone count which is more serious than Count Four. Therefore, pursuant to Bousley, there is no need for movant to establish his actual innocence of the forgone charges.

Movant has established that he is entitled to relief on his Amended § 2255 motion as he has established actual innocence on the aggravated identity theft conviction in Count Four. The remaining issue is the proper remedy. The Court is aware that in at least one similar case where the government conceded it could not prove facts sufficient to support an aggravated identity theft conviction under Flores-Figueroa, it requested that the aggravated identity theft conviction be vacated, and acceded to the district court's vacation of the conviction and amendment of the

---

Cir. 1986))." First Union Nat'l Bank v. Pictet Overseas Trust Corp., Ltd., 477 F.3d 616, 620 (8th Cir. 2007).

judgment to eliminate the 24-month sentence associated with that conviction and reduce the special assessment by $100. See United States v. Fernandez-Cruz, 2009 WL 3488352, *1 (D. Md. Oct. 22, 2009). The Court is not aware that the Eighth Circuit has addressed this issue.

In the instant case, the government asks the Court to order a new trial in the exercise of its discretion. Movant responds that (1) there is no provision in the Rules Governing Section 2255 Proceedings indicating the government has any authority to seek relief other than the dismissal of the § 2255 motion; ands (2) the government would be in breach of the plea agreement if it were to seek a new trial, as movant has not moved to set aside his guilty plea or the parties' plea agreement.

The Court in the exercise of its discretion finds that the proper remedy is to vacate the conviction on Count Four, set aside the 24 month sentence on that count, further amend the judgment to reduce the special assessment from $200 to $100, and order that if movant already paid the extra $100 special assessment, the payment be credited toward satisfaction of his sentence of restitution.

**Conclusion**

For the foregoing reasons, the Court finds that movant's Amended Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 should be granted, as movant has established that he is actually innocent of the offense of aggravated identity theft as charged in Count Four. An amended judgment of conviction will be issued.

Accordingly,

**IT IS HEREBY ORDERED** that movant Timothy Scott Short's Amended Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 is **GRANTED**. [Doc. 18]

**IT IS FURTHER ORDERED** that movant Timothy Scott Short's conviction on Count Four in the United States v. Timothy Scott Short, No. 4:07-CR-614 CAS (E.D. Mo.), is **vacated**.

**IT IS FURTHER ORDERED** that the Judgment against Timothy Scott Short in Case No. 4:07-CR-614 CAS shall be **amended** to eliminate the 24-month sentence for Count Four and to reduce the assessment from $200 to $100.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to prepare an Amended Judgment in accordance herewith.

**IT IS FURTHER ORDERED** that if movant has paid the entire $200 special assessment, $100 shall be credited towards satisfaction of movant's sentence of restitution.

　　　　　　　　　　　　　　　　　　　　　　　　　_/s/ Charles A. Shaw_
　　　　　　　　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this  23rd  day of February, 2010.