UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TIMOTHY SCOTT SHORT, | ) | |
|---|---|---|
| Movant, | ) | |
| v. | ) | No. 4:09-CV-763 CAS |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This closed matter under 28 U.S.C. § 2255 is before the Court on the government's Motion for Reconsideration of Order Granting Petitioner's Motion to Vacate, Correct or Set Aside Sentence. The Movant opposes the motion. The government did not file a reply in support of its motion and the time to do so has passed. For the following reasons, the motion for reconsideration, construed as a motion under Rule 59(e), Federal Rules of Civil Procedure, will be denied.

**Legal Standard**

"The Federal Rules of Civil Procedure 'do not mention motions for reconsideration.'" Broadway v. Norris, 193 F.3d 987, 989 (8th Cir. 1999).[1] Where, as here, a motion to reconsider is made in response to a final order, it should be construed as a motion under Rule 59(e). See Schoffstall v. Henderson, 223 F.3d 818, 827 (8th Cir. 2000).

This Court has broad discretion in deciding whether to grant a motion under Rule 59(e). Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th

---

[1] The Federal Rules of Civil Procedure are applicable to proceedings under Section 2255, to the extent they are not inconsistent with any statutory provisions or the Rules Governing Section 2255 Proceedings. See Rule 81(a)(4)(A), Fed. R. Civ. P.; Rule 12, Rules Governing Section 2255 Proceedings for the United States District Courts; see also United States v. Frady, 456 U.S. 152, 167 n.5 (1982).

Cir. 1998). Rule 59(e) was adopted to clarify that "the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445, 450 (1982) (internal quotations omitted). "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." Innovative, 141 F.3d at 1286 (internal punctuation and citations omitted). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." United States v. Metropolitan St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (quoting Innovative Home Health Care, 141 F.3d at 1286)).

**Discussion**

This matter was previously before the Court on Movant's Amended Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. §2255, which asserts a claim of actual innocence to the offense of aggravated identity theft in Count Four. The Court conducted an evidentiary hearing on January 26, 2010. At the hearing and in a subsequent docket text order that same date, the Court ordered the parties to file "simultaneous briefs . . . by February 10, 2010 and Simultaneous Response Briefs . . . by February 17, 2010." Motion Hearing Tr. at 9; Docket Text Order of January 26, 2010. Both Movant Short and the Government filed post-hearing briefs on February 10, 2010. In pertinent part, the Government argued in its brief as follows:

> In addition, Counts 1 and 2 represent more serious charges than that at issue in Count 4. While on the surface Counts 1 and 2 have the same penalty as Count 4, 24 months incarceration, a conviction of those dismissed counts would have resulted in a greater guideline calculation. Pursuant to Section 2B1.6 of the United States Sentencing Guidelines, the maximum penalty for conviction of two counts of aggravated identity theft would be 48 months incarceration as this court possesses the discretion to run the terms of incarceration "concurrently, in whole or in part, with each other," when there are multiple convictions of the statute. U.S.S.G. § 2B1.6 Application Note 1(B). Consequently, unless Short is able to prove his actual

2

innocence to the more serious charges represented in Counts 1 through 3, 5 through 7, and 9 through 11, he cannot prevail in his petition to vacate, set aside, or correct the sentence previously imposed.

Mem. of Law in Supp. of Govt's Req. to Dismiss Pet. to Vacate, Set Aside, or Correct Sentence on Grounds of Actual Innocence, at 3 (Doc. 31).

In his reply brief, filed February 17, 2010, Movant responded to this argument. The Government declined to file a reply brief. In the Memorandum and Order filed February 23, 2010, the Court rejected the Government's argument. Specifically, the Court explained:

> The fact that the Court could run these sentences consecutively does not render the foregone charges 'more serious' than Count Four, for purposes of Bousley actual innocence analysis. By the same logic, this Court could have sentenced movant to 30 months on Count Eight [the high end of his 24 to 30 month Sentencing Guidelines range]. It did not, however, do so. Accordingly, there is no foregone count which is more serious than Count Four. Therefore, pursuant to Bousley, there is no need for movant to establish his actual innocence of the foregone charges.

Mem. and Order of Feb. 23, 2010, at 7 (Doc. 33).

The government's Motion for Reconsideration was filed the day after the Memorandum and Order was issued and a week after the date for filing the government's simultaneous reply brief. The Government restates the argument it advanced in its February 10, 2010 post-hearing memorandum, nearly verbatim. The government does not cite new legal authority, nor does it point to any misapprehension of fact or law on the part of this Court. The Court has already considered this argument, responded to it, and rejected it. The motion should therefore be denied.

**Conclusion**

For the foregoing reasons, the Court finds that the government's Motion for Reconsideration of Order Granting Petitioner's Motion to Vacate, Correct or Set Aside Sentence, construed as a motion under Rule 59(e), Fed. R. Civ. P., should be denied. The Court will issue an Amended Judgment in this matter.

3

Accordingly,

**IT IS HEREBY ORDERED** that the government's Motion for Reconsideration of Order Granting Petitioner's Motion to Vacate, Correct or Set Aside Sentence, construed as a motion under Rule 59(e), Fed. R. Civ. P., is **DENIED**. [Doc. 34]

**IT IS FURTHER ORDERED** that an Amended Judgment shall issue in accordance with the Memorandum and Order of February 23, 2010.

 

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  25th  day of March, 2010.